UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. BUSH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. SANTORO, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00015-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 14) |

　　　　James S. Bush ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On July 27, 2020, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 14). Plaintiff asks for appointment of counsel because he has no knowledge of law; because the issues involved in this case are complex and will require significant research and investigation; because, due to COVID-19, Plaintiff has very limited access to the law library; because Plaintiff is likely to succeed on the merits of at least one of his claims; and because Plaintiff cannot adequately argue his claims, at least as it pertains to the legal aspects of his claims.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, while Plaintiff's complaint was allegedly drafted by another inmate, there is no evidence in the record that Plaintiff is unable to adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 28, 2020**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE