UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. BUSH,<br><br>              Plaintiff,<br><br>       v.<br><br>FLOWERS, et al.,<br><br>              Defendants. | Case No. 1:20-cv-00015-NONE-EPG (PC)<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 42) |

On July 20, 2021, the parties filed a Stipulated Protective Order.  (ECF No. 42).  The Purposes and Limitations section of the proposed protective order states:

> This action is likely to involve the disclosure of confidential materials that implicate the privacy rights of third parties, material that may negatively impact the institutional security of the California Department of Corrections and Rehabilitation (CDCR), and material that is otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law. The Court recognizes that at least some of the documents and information (materials) being sought through discovery in the above-captioned action are normally kept confidential by the parties.

> Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal; General Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. The parties have agreed to be bound by the terms of this Order in this action.

(ECF No. 42, pgs. 1-2).

Having reviewed the Stipulated Protective Order, the Court finds that it does not comply with Eastern District of California Local Rule 141.1(c), which requires that every proposed protective order contain the following provisions: "(1) [a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child); (2) [a] showing of particularized need for protection as to each category of information proposed to be covered by the order; and (3) [a] showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." (paragraph breaks omitted).[1]

Accordingly, the parties' Stipulated Protective Order (ECF No. 42) is DENIED without prejudice to the parties refiling a stipulated protective order that complies with Local Rule 141.1(c).

IT IS SO ORDERED.

Dated:   **July 21, 2021**                  /s/ _Erica P. Grosjean_
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] In their proposed order, the parties appear to admit that the stipulated protective order does not comply with Local Rule 141.1(c).  (See ECF No. 42, p. 14 n.1).