UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. BUSH,<br><br>    Plaintiff,<br><br>v.<br><br>K. SANTORO ET AL.,<br><br>    Defendants. | Case No. 1:20-cv-00015-JLT-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(ECF No. 104) |

    Plaintiff is a state prisoner proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983 against Defendants Ibarra, Hernandez, and Ceja. (ECF No. 37). Plaintiff claims that Defendants used excessive force in violation of his Eighth Amendment rights. According to Plaintiff, the three defendant correctional officers assaulted Plaintiff outside his cell at North Kern State Prison on March 20, 2019. (ECF No. 104 at 1). Plaintiff alleges that several prisoners housed in nearby cells had a clear view of the attack, including Christopher Bautista and Anthony Ramirez. (*Id.* at 2). Trial is currently set for February 6, 2024. (ECF No. 83). Before the Court is timely filed and unopposed Plaintiff's motion for attendance of two incarcerated witnesses, Bautista and Ramirez. For the reasons stated below, the Court grants Plaintiff's motion.

    "The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006). In deciding whether to grant Plaintiff's motion for

the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," 2006 WL 449095, at *3, the Court has determined that the two inmates should be brought to court to testify at trial. The first factor weighs in Plaintiff's favor. Bautista and Ramirez each gave a statement to a prison internal investigator after the alleged attack, in which each witness said he saw the attack and described what he saw. (ECF No. 104 at 2). During discovery, Defendants produced a copy of the investigator's report, in which he memorialized Bautista's and Ramirez's statements, among other witness statements. (*Id.*) Bautista gave sworn deposition testimony in this case on July 7, 2022, in which he reaffirmed that he witnessed the attack and described what he saw. (*Id.*) Ramirez gave sworn deposition testimony in this case on August 31, 2022, in which he also reaffirmed that he witnessed the attack and described what he saw. (*Id.*) Thus, Plaintiff has sufficiently shown that the presence of both Bautista and Ramirez will substantially further the resolution of the case.

The remaining factors also support Plaintiff. Because the motion is unopposed, nothing suggests that these inmates present particular security concerns or exceptional transportation costs. And given the age of this case, staying it until both Bautista and Ramirez are released would be prejudicial. Accordingly, the Court finds that both Bautista and Ramirez should be brought to court to testify at the upcoming trial.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for attendance of incarcerated witnesses, ECF No. 104, is GRANTED.[1]

\\\

---

[1] In ruling on this motion, the Court is not making any evidentiary rulings. Nothing in this order prevents Defendants from raising objections to the testimony of Bautista and Ramirez at trial or in an appropriate pretrial motion.

The Court will, in due course, issue a writ of habeas corpus ad testificandum to have Christopher Bautista and Anthony Ramirez brought to Court to testify at the trial.

IT IS SO ORDERED.

Dated: __December 5, 2023__     /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE