UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. BUSH,<br><br>         Plaintiff,<br><br>    v.<br><br>K. SANTORO, et al.,<br><br>         Defendants. | Case No.: 1:20-cv-00015-JLT-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO ESTABLISH BRIEFING SCHEDULE ON POST-TRIAL MOTIONS<br><br>(Doc. 203) |

On February 6, 2024, the Court held a jury trial over inmate Plaintiff James S. Bush's civil rights claims against Defendants E. Hernandez, J. Ceja, and P. Ibarra. On February 14, 2024, the jury entered its verdicts, finding Hernandez and Ibarra liable for using excessive force against Plaintiff on March 20, 2019, and awarding Plaintiff both compensatory and punitive damages. (Doc. 183.)  On February 15, 2024, the Court's Deputy Clerk entered a Final Judgment in accordance with the jury's verdict. (Doc. 186.)

On March 14, 2024, Defendants filed two post-trial motions: a motion for judgment as a matter of law pursuant to Rule 50(b), and a motion for a new trial and to alter judgment, pursuant to Rule 59(a). (Doc. 202.)  Now pending is Defendants' Administrative Motion to Establish a Briefing Schedule for Defendants' Concurrently Filed post-trial motions ("Motion to Extend"). (Doc. 203.)  Defendants request "further time to file further briefing" regarding their post-trial motions, noting that "[d]espite efforts to complete all required post-trial motions, Defendants

1

require additional time to properly cite evidence and case law to complete their arguments[.]" (*Id.* at 2.)  As such, Defendants propose a new briefing schedule, wherein Defendants wish to file a supplemental memorandum in support of their post-trial motions, by March 29, 2024.  (*Id.*)  The motion is fully briefed (Docs. 204, 205) and ready for disposition.

A.  Entry of Judgment

The Court begins its analysis by addressing Plaintiff's core argument:  that Defendants' post-trial motions were untimely filed because the jury returned its verdicts on February 14, 2024, and the Deputy Clerk's entry of judgment the next day was filed *nunc pro tunc*.  (Doc. 204 at 1–2.)  As such, Plaintiff urges that Defendants' post-trial motions are filed one day too late, and that their pending Motion to Extend should therefore be denied on this basis as well.  In Reply, Defendants maintain that Plaintiff has incorrectly argued this point, as "[n]either the docket entry nor the Judgment itself indicate that the Judgment was a *nunc pro tunc* filing referring back to February 14, 2024."  (Doc. 205 at 2.)

Upon review of the clerk's Judgment, the Court agrees with Defendants.  (Doc. 186.)  The Court's Deputy Clerk entered a Final Judgment on February 15, 2024, "in accordance with the jury verdict rendered 2/14/2024."  (*Id.* (capitalization and emphases omitted).)  There is no indication that the clerk entered final judgment *nunc pro tunc* to the date of the verdicts, as Plaintiff suggests.  Indeed, Defendants admit they erred in their original Motion to Change Time to File Post-Trial Motions, by indicating that entry of judgment occurred on February 14, 2024.  (*See* Doc. 198 at 1.)  But that does not make it so.

Federal Rule of Civil Procedure 58 defines when a judgment is entered.  Fed. R. Civ. P. 58(c).  This Rule has undergone two significant changes.  "In 1963[,] it was amended to require that every judgment 'be set forth on a separate document'" for the "sole purpose" of clarifying when the time for appeal begins to run, thereby informing parties "whether a court's ruling contained all of the elements of a judgment and thus whether it started the time limits for post-trial motions[.]"  *Orr v. Plumb*, 884 F.3d 923, 927 (9th Cir. 2018) (footnote and citations omitted).  The use of a separate document to indicate when a court enters judgment "largely eliminat[es] uncertainty."  *Id.* at 928.  "Currently, for purposes of appeal *and post-decision*

2

*motion deadlines*, final judgments are entered 'the earlier of' the date that the decision is set out in a separate document and 150 days after it is entered in the docket." *Id.* (emphasis added) (citing Fed. R. Civ. P. 58(c)(2)).

For the purposes of determining when the clock "runs" for Defendants to file their post-trial motions, *Orr* and Rule 58 command that it is the time when the Court's clerk enters judgment—here, February 15, 2024. (Doc. 186.) As such, Defendants timely filed their post-trial motions 28 days thereafter, on March 14, 2024. (Doc. 202); Fed. R. Civ. P. 50(b) (requiring movant to file motion for judgment as a matter of law "[n]o later than 28 days after the entry of judgment"), 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment.").

B. Rule 6(b): Good Cause

In briefing of the instant Motion to Extend, both parties acknowledge Rule 6(b)'s limitations regarding extending deadlines for Rule 50 and Rule 59 motions. (Docs. 203 at 3, 204 at 2.) Indeed, Federal Rule of Civil Procedure 6(b) allows the Court to extend deadlines "for good cause" for acts that "may or must be done within a specified time[.]" Fed. R. Civ. P. 6(b)(1). However, "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." (*Id.* § (b)(2).)

In their pending motion, Defendants request leave of court to file a supplemental brief. (Doc. 203 at 2.) To support this, Defendants rely on *Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670 (9th Cir. 1985). There, appellees timely filed a Rule 59(b) motion for new trial, specifying their grounds for bringing their motion. *Id.* at 670. Then, after the deadline to file their motion passed, appellees filed a "later document," which "furnished the detailed arguments." *Id.* The Ninth Circuit determined that "[t]he initial motion was adequate to preserve the jurisdiction of the district court to rule on the motion." *Id.* "The later document was not an amendment advancing a new ground but, rather, it was an exposition of the original ground specified." *Id.* Recently, in *Lewis v. County of San Diego*, in an unpublished opinion, the Ninth Circuit cited *Roy* favorably, noting only that a party may not bring a "bare-bones motion" lacking any grounds for the motion, to preserve the court's post-trial jurisdiction. 789 F. App'x 58, 61

3

(9th Cir. 2019).

Defendants do not bring a "bare-bones motion." Defendants note that supplemental briefing is needed because: (1) although they requested trial transcripts on "an expedited basis," the final transcripts did not arrive until March 5, 2024; (2) "Defendants require additional time to properly cite evidence and case law to complete their arguments"; (3) and "since the end of trial, Defense Counsel has been required to catch up on his other assigned cases which required additional time." (Doc. 203 at 2.) The "good cause" standard governs the analysis here. Fed. R. Civ. P. 6(b)(1), 16(b)(4); *Slaughter v. Broomfield*, No. 1:05-cv-00922-ADA, 2023 WL 7286878, at *2 (E.D. Cal. Oct. 13, 2023); *Kris K. v. Kijakazi*, No. 3:20-cv-00515-AHG, 2022 WL 11128045, at *4 (S.D. Cal. Oct. 18, 2022).

The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009). "Good cause may be found to exist where the moving party shows . . . that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner*, 256 F.R.D. at 687.

The "good cause" standard is satisfied when unexpected, extenuating circumstances arise. The Court finds it is satisfied here because it is necessary to proper resolution of the issues raised. The trial in this case, though not overly long, included many witnesses who told varying accounts of the same events. This complicates the Court's analysis and accurate citation to the trial is required to parse through these many accounts. Indeed, the Court has little doubt that without the transcript it could not properly do so. Moreover, the seriousness of the issues in light of these significantly varying accounts, which differed from the plaintiff's accounts, is deserving of a deliberate and fulsome analysis.

Finally, the Court appreciates that Defendants originally ordered the trial transcripts to be produced on a "3-day basis," and then amended their order request to allow for production in 14

days.  (Docs. 188, 189) The cost of a three-day turnaround on a five-day trial is significant. Moreover, the trial in this case was just one in a series of back-to-back trials the Court conducted from January through March, in addition to its regular felony criminal calendar. Because the Fresno courthouse has only one court reporter, the court reporter was required to be present at each of the trials. Due to this, a three-day deadline for production of a five-day trial transcript was unworkable.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1) Defendants' Administrative Motion to Establish a Briefing Schedule for Defendants' Concurrently Filed Post-Trial Motions (Doc. 203) is **GRANTED** with the following briefing schedule:

    a.  Defendants' supplemental brief:  March 29, 2024

    b.  Opposition brief:  April 19, 2024

    c.  Optional reply brief:  April 26, 2024

IT IS SO ORDERED.

Dated:  **March 20, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE